IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00340-PSF-KLM

SCOTT B. SCHAFER,

     Plaintiff(s),

v.

REGIONAL TRANSPORTATION DISTRICT,

     Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**


This matter comes before the Court on the **Plaintiff's Motion to Extend Discovery Cut-off** [Docket No. 26; filed August 27, 2007] (the "Motion to Extend Discovery") and **Plaintiff Scott Schafer's Motion for Immediate Production of Documents** [Docket No. 29; filed August 31, 2007] (the "Motion to Compel").

IT IS HEREBY **ORDERED** that the **Plaintiff Scott Schafer's Motion for Immediate Production of Documents** [Docket No. 29; filed August 31, 2007] is **GRANTED IN PART** and **DENIED IN PART**, as specified below.

IT IS HEREBY **ORDERED Plaintiff's Motion to Extend Discovery Cut-off** [Docket No. 26; filed August 27, 2007] is **GRANTED IN PART** and **DENIED IN PART**, as specified

1

below.

Interrogatory No. 9 of Plaintiff's first discovery request asks Defendant, *inter alia*, to identify "any and all other employees of RTD who were granted FMLA leave within the last four (4) years and . . . whether or not RTD required the employee to attend a return to duty examination prior to reinstatement . . . ." *Motion to Compel*, P. 2, ¶ 2.  Plaintiff's Request for Production No. 6 then asks Defendant to produce any and all documents relied on or referenced in its responses to the interrogatories.  *Motion to Compel*, P. 2, ¶ 3.  By later agreement, the scope of Interrogatory No. 9 and the associated Request for Production was limited to only Light Rail Division employees.  *Motion to Compel*, P. 3, ¶ 1.

In response to the Interrogatory and Requests, Defendant produced, among other documents, an FMLA log and a Concentra log (the Concentra logs are also occasionally identified as "return to work records").  The FMLA log contains a list of employees who used FMLA leave during the time period of 2005-2007.  *Motion to Compel*, P. 4, ¶ 3.  The Concentra log contains information on the employees required to attend a return to work examination prior to reinstatement for the year 2005.  *Motion to Compel*, P. 2, ¶ 2.

I.      Plaintiff's Motion to Compel

In his Motion to Compel, Plaintiff requests that the Court compel production of the FMLA log for the year 2004, and the Concentra logs for 2004, 2006 and 2007.  P. 5, ¶ 2; *Plaintiff's Reply in Support of His Motion for Immediate Production of Documents* [Docket No. 34; filed September 12, 2007] ("Plaintiff's Reply").  Plaintiff argues that this information

is relevant to his claim of retaliation and interference with his rights under the Family and Medical Leave Act of 1991 ("FMLA"), 29 U.S.C. § 2615(a)(1).   For its part, Defendant argues that the 2004 information is not relevant to Plaintiff's claim and that the 2005-2007 information has already been provided to Plaintiff.   *Defendant Regional Transportation District's Response to Plaintiff Scott Schafer's Motion to Compel Immediate Production of Documents* [Docket No. 32; filed September 7, 2007] ("Defendant's Response").

A.   FMLA logs and Concentra logs for 2004

Plaintiff was terminated from his employment with Defendant on September 2, 2005 *Motion to Compel*, P. 1, ¶ 1.   Plaintiff seeks production of documents for one year prior to the time he was terminated, alleging that they are relevant to his claim on several different grounds.

1. Relevance to Liquidated Damages

Plaintiff argues that these documents are relevant to proving his claim for liquidated damages as they may demonstrate "willful conduct" on the part of RTD. *Motion to Compel*, P. 3, ¶ 2.   Under the FMLA, liquidated damages are available to any plaintiff who proves a violation of the Act, unless the employer proves that it acted in good faith and that it had reasonable grounds to believe that its act or omission was not a violation of the Act.   29 U.S.C. § 2617(a)(1)(A)(iii).   However, liquidated damages under the FMLA are not properly characterized as a penalty, and do not require a "finding of willfulness on the part of the Defendant before [they] may be awarded." *Jordan v. United States Postal Serv.,* 379 F.3d 1196, 1202 (10th Cir. 2004); *Duarte v. Agilent Technologies, Inc.* 366 F.Supp.2d 1036,

1038 (D.Colo.,2005).  As Defendant points out,"[n]othing that occurred regarding other employees in 2004 would be relevant to RTD's good faith or reasonable grounds for believing that it was acting within the parameters of the FMLA as to Plaintiff in September 2005." *Defendant's Response*, Pgs. 9-10, ¶ 3.  Plaintiff does not need these documents to prove "willful conduct" on the part of Defendant, as Plaintiff is not required to prove willful conduct to recover liquidated damages under the FMLA.  The 2004 information is not relevant to liquidated damages.

### 2. Relevance to Interference Claim

Plaintiff alleges that the information is relevant to his claim of interference with FMLA rights.  *Motion to Compel*, P. 3, ¶ 2.  Plaintiff fails to state the relevance of information from 2004 to the three elements he is required to prove for an interference claim under the FMLA.  As Defendant points out, "the critical inquiry is whether Plaintiff has alleged and presented evidence that there is a causal connection between his discharge and his exercise of FMLA rights." *Defendant's Response*, Pgs. 9-10; (quoting *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1181 (10th Cir. 2006)).  Information from 2004 is not relevant to the alleged causal connection between his discharge and his exercise of FMLA rights.

### 3. Relevance to Pattern and Practice Claim

Plaintiff alleges that the information is relevant as "the discretionary nature of the return to work physical policies may be a per se violation of the FMLA (i.e., a pattern of practice [sic])." *Motion to Compel*, P. 3, ¶ 2.  However, if Plaintiff is attempting to prove a

4

pattern and practice claim, this was not alleged in Plaintiff's original complaint. *Complaint*, Docket No. 1; filed February 16, 2007.  There are no specific elements of a pattern and practice claim under the FMLA, but analogizing to the Civil Rights Act of 1964, a pattern and practice claim requires proof that discrimination is the "company's standard operating procedure - the regular rather than the unusual practice." *Teamsters v. United States*, 431 U.S. 324, 336 (1977).  Plaintiff has made no claim that retaliation or interference under the FMLA is part of the standard operating procedure of Defendant.  Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery of "any matter . . . that is relevant to the claim or defense of any party . . . ."  As Plaintiff has not alleged a pattern and practice claim, any information related to a pattern and practice claim is not relevant to the subject matter of the litigation .

    B. Concentra Logs for 2006-2007

    Plaintiff argues that the 2005 Concentra log produced by Defendant is inadequate, as it prevents Plaintiff from determining whether the "employees on FMLA leave in 2006-2007 underwent a return to work examination prior to reinstatement . . . ." *Plaintiff's Reply*, P. 2.  By its own admission, Defendant only produced the Concentra log for 2005, even though Defendant also produced an FMLA log for 2005 to present.  *Defendant's Response*, P. 4, ¶ 2. Defendant  argues that Plaintiff can ascertain which employees from the 2005-2007 period were required to take a return to work exam by comparing the Concentra log to the FMLA log.   However,  as Plaintiff only has the Concentra log for 2005, he is unable to ascertain which employees who took FMLA leave during the periods

5

of 2006-2007 also were required to undergo return to work exams.  Defendant's statement that it has "fully responded to the interrogatory" is disingenuous. *Defendant's Response*, P. 10, ¶ 2.   Although Defendant has indicated general doubts as to whether this information is relevant, Defendant has already produced the FMLA logs for 2006 and 2007.  In the interest of fairness, Defendant should also produce Concentra logs for 2006 and 2007.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff Scott Schafer's Motion for Immediate Production of Documents** [Docket No. 29; filed August 31, 2007] is **GRANTED IN PART** and **DENIED IN PART**.

Any information relating to 2004 is not relevant and does not need to be produced. However, to the extent they exist, Defendant is ordered to produce the 2006-2007 Concentra logs on or before **September 26, 2007**.

C. Attorneys' Fees

Plaintiff has requested that Defendant be ordered to bear the costs, including attorneys' fees, of preparing his Motion to Compel.  Under Fed. R. Civ. P. 37(a)(4)(B), if a motion to compel is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion.  This Court declines to do so, and orders that each party shall bear its own costs.

II.     Plaintiff's Motion to Extend Discovery Cut-off

In his Motion to Extend Discovery Cut-off, Plaintiff requests that the discovery deadline, currently set for September 14, 2007, be moved to October 15, 2007.  Plaintiff

does not specifically indicate any additional discovery that must be conducted, except for production of the documents sought by Plaintiff in his Motion to Compel.  By this Order, the Court is requiring Defendant to produce a Concentra log or logs for 2006-2007.  The discovery deadline is extended until **September 26, 2007** <u>for that purpose only</u>.  Except as specified herein, Plaintiff's Motion to Extend Discovery is **DENIED**.

BY THE COURT:

/s/ Kristen L. Mix

United States Magistrate Judge

Dated:  September 20, 2007

7